FILED
SUPERIOR COURT
OF GUAM

2019 MAR 13 PM 3: 15

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM,<br><br>vs.<br><br>**ADAM JIM HILL,**<br>DOB: 08/31/1965<br><br>Defendant. | CRIMINAL CASE NO. CF 0297-14<br><br>**DECISION AND ORDER** |
|---|---|

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 13, 2018, upon Defendant Adam Jim Hill's Motion for Sentence Reduction filed August 27, 2018. Alternate Public Defender John P. Morrison represented the Defendant Adam Jim Hill ("Defendant"), and Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On July 10, 2015, the Defendant was convicted of First Degree Criminal Sexual Conduct (as a First Degree Felony) and Second Degree Criminal Sexual Conduct (as a First Degree Felony). See Judgment (Aug. 18, 2016). Sentencing was held on June 17, 2016. The Defendant received a sentence of fifteen (15) years for the first charge of First Degree Criminal Sexual Conduct (as a First Degree Felony) and five (5) years for the second charge of Second Degree Criminal Sexual Conduct (as a First Degree Felony), to be served concurrently and with credit for time served. Id. at 2.

On August 26, 2016, the Defendant appealed his conviction to the Supreme Court of Guam. His conviction was affirmed on April 16, 2018. See People v. Hill, 2018 Guam 3. The Mandate returning the matter to the Superior Court was filed on May 8, 2018. See Mandate (May 8, 2018). Thereafter, on June 14, 2018, the Court took the Defendant into custody at the Department of Corrections. See Commitment Order (June 14, 2018).

On August 27, 2018, Defendant filed the instant Motion for Sentence Reduction pursuant to the Justice Safety Valve Act of 2013 ("Safety Valve Act") codified at 9 GCA § 80.39.1. The People filed their Opposition on September 6, 2018 and the Defendant filed his reply on September 17, 2018. On December 13, 2018, a hearing was held on the Defendants Motion for Sentence Reduction. At the hearing, the Court inquired into the legality and appropriateness of applying the Safety Valve Act to the Defendant's Case. At the conclusion of the hearing, the Court took the matter of the applicability of the Safety Valve Act under advisement.

## DISCUSSION

As a preliminary matter, the Court may consider reducing a sentence within one hundred twenty (120) days of the imposed sentence, a returned mandate, or judgment being upheld by the Supreme Court of Guam. See 8 GCA § 120.46. Therefore, this motion is timely and properly before the Court.

Guam law mandates that any person convicted of First Degree Criminal Sexual Conduct "shall be sentenced to a minimum of fifteen (15) years imprisonment, and may be sentenced to a maximum of life imprisonment without the possibility of parole." 9 GCA § 25.15(b). Further, a person convicted of Second Degree Criminal Sexual Conduct for the first time shall be sentenced to a minimum of three (3) years imprisonment and a maximum of fifteen (15) years. 9 GCA § 80.31 (Prison Terms for First Offenders). However, pursuant to the Safety Valve Act, the Court *may depart* from the applicable mandatory minimum sentence under "substantial and compelling" circumstances, considering the nature of the crime, the history and character of the defendant, and the defendant's chance of successful rehabilitation. 9 GCA § 80.39.1 (emphasis added). In addition, when determining whether the provisions of the Safety Valve Act apply, the

Court must determine whether imposing the mandatory minimum sentence: 1) would cause substantial injustice to the defendant, and 2) imposing the mandatory minimum sentence is not necessary for the protection of the public. Id.

Here, the Defendant was convicted of first degree and second degree criminal sexual conduct as defined in 9 GCA §§ 25.15 and 25.20. Such crimes are "violent crimes" under 9 GCA § 80.70, and among the most serious crimes subject to prosecution. Also noteworthy is the fact that at the time of the offense, the victim was approximately fourteen (14) years old and thus, a minor. A jury found the Defendant guilty of both charges and the Supreme Court of Guam confirmed the Defendant's judgment of conviction. Consequently, given the nature of the crime, the Court found it appropriate to impose the mandatory minimum sentence for the first charge, and added an extra two years on top of the mandatory minimum sentence for the second charge. Although the defense presents, in great detail, the Defendant's favorable history, good character, and likelihood of successful rehabilitation, the Court finds that there are no *substantial* or *compelling* reasons that would justify applying the Safety Valve Act to the instant case.

Further, the application of the Safety Valve Act is justified only if the imposition of a mandatory minimum sentence will cause substantial injustice to the defendant and is not necessary for the protection of the public. The Court cannot find that these conditions have been satisfied in this case. Here, the Court imposed mandatory *minimum* sentences for both charges, to be served concurrently, and with credit for time served. Given the nature of the crime and considering the impact and safety of the victim and other affected persons, the Court finds that it imposed a reasonable and lenient sentence in light of the Defendant's mitigating circumstances presented at the sentencing hearing. Although the Defendant is not within one of the three classes of people excluded from the provisions of the Safety Valve Act under § 80.39.2, the Court finds that the current sentence does not cause a substantial injustice to the Defendant and is necessary for the protection of the public. Accordingly, the Court finds that the application of the mandatory minimum serves the ends of justice and aptly reflects the nature and severity of the crime committed.

## CONCLUSION

For the reasons set forth above, the Court finds that there are no substantial and compelling reasons to justify applying the Safety Valve Act to the instant case. Thus, the Defendant's Motion for Sentence Reduction is **DENIED**.

IT IS SO ORDERED _____ **MAR 1 3 2019** _____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG
APD
Date: 3/13/19  Time: 3:10

Superior Court of Guam